# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

RECEIVED
2020 APR 13 P 1:0
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY, <br> Plaintiff, <br><br> v. <br><br> JOHNSTON TRUCKING, L.L.C., WILLIAM RAY SESSIONS, BARBARA SESSIONS AS THE ADMINISTRATOR OF THE ESTATE OF JAMES GARRIE SESSIONS, RICHARD KEITH THOMAS, <br> Defendants. | 1:20-cv-251-RAH-SMD <br><br> Civil Action No. _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff/Petitioner Auto-Owners Insurance Company states the following as its Petition for Declaratory Judgment against Defendants Johnston Trucking, L.L.C., William Ray Sessions, and Barbara Session, as the Administrator of the Estate of James Garrie Sessions:

### I. PARTIES

1. Auto-Owners Insurance Company is a corporation organized and existing under the laws of the State of Michigan, with its principal place of business in the State of Michigan. Auto-Owners is licensed to do business in Alabama and other states.

2. Johnston Trucking, L.L.C. is an Alabama limited liability company existing under the laws of the State of Alabama, with its principal place of business in Brundidge, Coffee County, Alabama. Johnston Trucking, L.L.C.'s sole member is Luke Johnston. Luke Johnston is an adult citizen of the State of Alabama and is over the age of 19.

3. William Ray Sessions is an adult citizen of the State of Alabama and is over the age of 19.

4. Barbara Session, as the Administrator of the Estate of James Garrie Sessions, is an adult citizen of the State of Alabama and is over the age of 19.

5. Richard Keith Thomas is an adult citizen of the State of Alabama and is over the age of 19.

## II. JURISDICTION AND VENUE

6. This action is brought pursuant to 28 U.S.C. § 2201 for a declaration of rights and obligations of Auto-Owners under a Tailored Protection Policy, Policy Number 034617-38019656-18 (the "TPP Policy"), and a Commercial Auto Policy, Policy Number 49-715-083-00 (the "Auto Policy") (both policies collectively referred to as the "Policies"), issued to Johnston Trucking, L.L.C.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1332, because the Plaintiff's citizenship is different from the citizenship of each defendant and

because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8. Venue is proper under 28 U.S.C. § 1391(b), because the Policies were issued to Johnston Trucking, L.L.C. in Coffee County, Alabama. Johnston Trucking, L.L.C.'s main office is in Coffee County. The venue of the underlying action styled *Richard Keith Thomas v. Johnston Trucking, LLC, et al.*, Civil Action No. 2019-900039.00 (the "Underlying Claim") is pending in the Circuit Court for Macon County, Alabama

### III. STATEMENT OF FACTS

**A.  Underlying Action**

9. Auto-Owners seeks a declaration of its rights and obligations (if any) to defend and/or indemnify Johnston Trucking, L.L.C., William Ray Sessions, and Barbara Session as the Administrator of the Estate of James Garrie Sessions, (collectively, the "Defendants") in connection with the Underlying Action.

10. Richard Keith Thomas (the "Underlying Plaintiff") filed the Underlying Action on April 1, 2019. A copy of the Complaint is attached as Exhibit A.

11. On December 17, 2019, the Underlying Plaintiff filed a First Amended and Restated Complaint, substituting the Estate of James Sessions

following his death. A copy of the First Amended and Restated Complaint is attached as Exhibit B.

12. The Underlying Action generally arises out of an altercation between the Underlying Plaintiff, William Ray Sessions, and James Garrie Sessions. William and James Sessions were allegedly employees of Johnston Trucking, L.L.C.

13. The following are the general allegations in the Underlying Claim (per Exhibit B):

> 9. On February 27, 2019, the Plaintiff, Richard Keith Thomas, was traveling south on County Rd 199 in Macon County, Alabama. As the Plaintiff approached a railroad grade crossing, the Plaintiff slowed down to a stop in order to verity that there were no oncoming trains either in an East or Westerly direction. On the same date, the Defendants, William Ray Sessions and James Garrie Sessions, were operating two (2) separate tri-axle dump trucks for the Defendant Johnston Trucking, L.L.C. At all times material to the allegations made herein, the Defendants, William Ray Sessions and James Garrie Sessions, were acting in the line and scope of their employment, agency or service for the Defendant, Johnston Trucking, L.L.C.
>
> 10. On February 27, 2019, the Defendants, William Ray Sessions and James Garrie Sessions, while driving under the U.S. Department of Transportation authority granted to the Defendant Johnston Trucking, L.L.C., were operating tri-axle dump trucks and were traveling South on County Rd 199 behind the Plaintiffs vehicle. As the Plaintiff stopped at the aforementioned railroad grade crossing, the Defendants, William Ray Sessions and James Garrie

Sessions, while operating dump trucks for the Defendant Johnston Trucking, L.L.C., came to an abrupt stop directly behind the Plaintiffs vehicle.

11. After stopping, the Plaintiff proceeded through the railroad grade crossing which resulted in the Plaintiff entering into a curve in a no passing zone. The Defendants, William Ray Sessions and James Garrie Sessions, while operating tri-axle dump trucks for the Defendant Johnston Trucking, L.L.C., pursued behind the Plaintiff at a close distance while closing the speed in an effort to engage in otherwise dangerous activity while operating commercial vehicles. The Defendant, William Ray Sessions, while operating a tri-axle dump truck for the Defendant Johnston Trucking, L.L.C., did in fact accelerate and enter in to the opposing lane of travel for purposes of passing the Plaintiff's vehicle in a non-passing zone in a curve. While doing so, the Plaintiff, an Assistant District Attorney from Macon County, Alabama, displayed his District Attorney's badge in order to dissuade the Defendants from engaging in further dangerous or threatening activity.

12. The Defendant William Ray Session continued past the vehicle of the Plaintiff and once in front of the Plaintiff's vehicle, slowed down abruptly and at an angle to the southbound lane of County Rd 199, blocked the Plaintiff's travel south on County Rd 199 eventually forcing the Plaintiff to a complete stop. At the same time, the Defendant James Garrie Sessions, came up from the rear of the Plaintiff's vehicle, and as the Plaintiff was slowing down to a stop and therefore the Defendants William Ray Sessions and James Garrie Sessions blocked the Plaintiff from any forward and/or rearward movement.

13. The Defendant William Ray Sessions, while acting in the line and scope of his employment with Defendant Johnston Trucking, L.L.C., exited his dump truck and approached the Plaintiff in an extremely aggressive manner while verbally assaulting the Plaintiff with

5

profane language, including a profane statement that he did not care what kind of badge the Plaintiff displayed. The Defendant William Ray Sessions continued walking toward the Plaintiff in an extremely threatening and aggressive manner and got within inches of the Plaintiff with clinched fists and an aggressive posture. The Plaintiff reminded the Defendant that the Plaintiff was obligated to stop at a railroad grade crossing and encouraged the Defendant to get back in his vehicle. These comments were met with additional profanity and threats.

14. At the same time, the Defendant James Garrie Sessions, came up behind the Plaintiff's vehicle and was positioned directly behind the Plaintiff's vehicle and therefore blocked the Plaintiff from any forward and/or rearward movement. He too exited his dump truck and made numerous profane statements directed at the Plaintiff and also engaged in aggressive demeanor and behavior directed toward the Plaintiff.

15. The Plaintiff eventually disengaged from the Defendant James Garrie Sessions at which time the Defendant William Ray Sessions again approached the Plaintiff in an aggressive manner with language laced with profanity and threats. At this time, the Plaintiff re-entered his vehicle in an effort to leave the scene of these events. Defendants William Ray Sessions andhis dump truck blocked the Plaintiff from any forward movement and the Defendant James Garrie Sessions and his dump truck blocked the Plaintiff from any rearward movement. After several minutes, the Defendant William Ray Sessions moved which allowed the Plaintiffto move his vehicle and leave the scene. The Plaintiff then eventually passed the Defendant William Ray Sessions and contacted authorities to file a report of the conduct of the Defendants on the date in question.

The Underlying Claim describes the following damages:

> 16. As a direct and proximate consequence of the Defendants actions, the Plaintiff was damaged and injured as follows:
>
>     . . . .
>
>     b. The Plaintiff suffered mental and emotional anguish as a consequence of these actions . . . .
>
>     . . . .

Underlying Plaintiff asserts the following causes of action against Defendants:

### COUNT I
### Negligence

> . . . .
>
> 18. The actions of the Defendants William Ray Session, James Garrie Sessions and Johnston Trucking, L.L.C. were negligent and careless and as a direct and proximate consequence of the negligence alleged hereinabove, the Plaintiff was injured and damaged as described herein.
>
> . . . .

### COUNT II
### Recklessness and/or Wantonness

> . . . .
>
> 20. The Defendants William Ray Sessions and James Garrie Sessions, in the line and scope of their employment for the Defendant Johnston Trucking, L.L.C., consciously acted with a reckless and conscious disregard of the rights and safety of the Plaintiff with knowledge that their conduct would likely or probably result in injury to the Plaintiff as described herein above.
>
> . . . .

## COUNT III
## Outrage-Intentional Infliction of Emotional Distress

23. The Plaintiff, as described hereinabove, was exercising his rights to operate a motor vehicle in a safe manner. The Defendants, as commercial truck drivers, and the Defendant Johnston Trucking, L.L.C., as a commercial trucking operation, knew or should have known that the Plaintiff has every right to stop at a railroad grade crossing and therefore should have spaced their vehicles safely and not block the Plaintiff from being able to move his vehicle and so as not to cause a near incident and the resulting road rage from the Defendants.

24. The conduct of these Defendants was intended to cause emotional distress, threats and fear on the part of the Plaintiff and was likely to cause emotional distress.

25. The conduct of the Defendants was so extreme and outrageous in character and degree that it went beyond all bounds of decency and is regarded as atrocious and utterly intolerable in a civilized society.

26. The conduct of the Defendants, William Ray Sessions, James Garrie Sessions and Johnston Trucking, L.L.C. was intentional and or reckless and caused the Plaintiff to suffer emotional distress. In fact, the Plaintiffs emotional distress was so severe that no reasonable person would be expected to endure it.

. . . .

## COUNT IV
## False Imprisonment

. . . .

28. On February 27, 2019, the action of the Defendants William Ray Sessions and James Garrie Sessions, while acting in the line and scope of their employment, agency and service for the Defendant Johnston Trucking, L.L.C., did engage in the act of

falsely imprisoning the Plaintiff in that they unlawfully detained the Plaintiff for a length of time, depriving him of his personal liberty, preventing any reasonable or practical attempt to leave the scene where the Defendants blocked the Plaintiff over with much larger vehicles and threatening the Plaintiff verbally and physically.

. . . .

## COUNT V
## Assault

. . . .

31. On February 27, 2019, the Defendants, William Ray Sessions, James Garrie Sessions and Johnston Trucking, L.L.C., and these Defendants while operating in the line and scope of their employment, agency and/or service for the Defendant Johnston Trucking, L.L.C., did threaten to physically assault and/or touch the Plaintiff. The Defendants made these threats in an angry, rude and profane manner and had the apparently ability to carry out said threats, all the while the Plaintiff suffered a well-founded fear that these threats would be immediately carried out by the Defendants. All of these actions were described hereinabove in a general fashion but the assault was based upon more than the profanity leveled at the Plaintiff and was apparent from the physical posture of both William Ray Sessions and James Garrie Sessions and their use of commercial vehicles as a tool to accomplish said assault.

. . . .

## COUNT VI
## Negligent and/or Reckless Endangerment

. . . .

34. The actions of the Defendants, William Ray Sessions and James Garrie Sessions, while acting in the line and scope of their employment, agency and service for the Defendant Johnston Trucking, L.L.C., engaged

> in reckless and/or wanton endangerment of the Plaintiff in violation of his rights as a citizen to operate his vehicle in a safe manner on the highways of the State of Alabama and, specifically, the roads of Macon County, Alabama.
>
> . . . .

**B.     The Policy**

14.     Auto-Owners issued the Policies to Johnston Trucking, L.L.C. A copy of the TPP Policy is attached as Exhibit C. A copy of the Auto Policy is attached as Exhibit D.

15.     The pertinent provisions of the TPP Policy are:

> **COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
>
> . . . .
>
> **SECTION I - COVERAGES**
>
> **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
>> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. We may at our discretion investigate any claim or "occurrence" and settle any claim or "suit" that may result . . . .
>>
>> **b.** This insurance applies to "bodily injury" and "property damage" only if:

10

>> (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory" . . . .
>
> . . . .
>
> **2. Exclusions**
>
> This insurance does not apply to:
>
> > **a. Expected Or Intended Injury**
> >
> > "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.
>
> . . . .
>
> > **o. Personal Injury And Advertising Injury**
> >
> > "Bodily injury" arising out of "personal injury" or "advertising injury".
>
> . . . .
>
> **COVERAGE B. PERSONAL INJURY AND ADVERTISING INJURY LIABILITY**
>
> **1. Insuring Agreement**
>
> > **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" or "advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. We may at our discretion investigate any claim or offense and settle any claim or "suit" that may result. . . .
>
> . . . .
>
> **2. Exclusions**
>
> This insurance does not apply to "personal injury" or "advertising injury":
>
> > **a. Knowing Violation of Rights Of Another Or Expected Or Intended Injury**

11

> > (1) Caused by or at the direction or any insured with the knowledge that the act would violate the rights of another and would inflict "personal injury" or "advertising injury" . . . .
>
> > . . . .
>
> > **d. Criminal Acts**
>
> > Arising out of a criminal act or violation of a penal statute or ordinance committed by or at the direction of the insured.
>
> > . . . .
>
> > **SECTION V - DEFINITIONS**
>
> > . . . .
>
> > **4.** "Bodily injury" means bodily injury, bodily sickness or bodily disease sustained by a person, including death resulting from any of these at any time.
>
> > . . . .
>
> > **14.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
>
> > . . . .
>
> > **15.** "Personal injury" means other than "bodily injury" arising out of one or more of the following offenses:
>
> > > **a.** False arrest, detention or imprisonment . . . .
>
> > . . . .

Exhibit C, Form 55300 at 1-2, 6-7, 14, 16-17.

> 16. The pertinent provisions of the Auto Policy are:
>
> > **SECTION II - COVERED AUTOS LIABILITY COVERAGE**
> >
> > **A. COVERAGE**
> >
> > > **We** will pay all sums an **insured** legally must pay as damages because of **bodily injury** or **property damage** to which this insurance applies, caused by an

> **accident** and resulting from the ownership, maintenance or use of a covered **auto** as an **auto**.
>
> . . . .
>
> **1. Who Is An Insured**
>
> The following are **insureds**:
>
> **a. You** for any covered **auto**.
>
> **b.** Anyone else while using, with **your** permission, a covered **auto** (that is not a **trailer**) **you** own, lease, hire, rent or borrow . . . .
>
> . . . .
>
> **B. EXCLUSIONS**
>
> This insurance does not apply to any of the following:
>
> . . . .
>
> **5. Expected or Intended Injury**
>
> **Bodily injury** or **property damage** expected or intended from the standpoint of the **insured**.
>
> . . . .
>
> **SECTION VI - DEFINITIONS**
>
> **A. Accident** includes continuous or repeated exposure to the same conditions resulting in **bodily injury** or **property damage**.
>
> . . . .
>
> **C. Bodily injury** means physical injury, sickness or disease sustained by a person, including resulting death of that person.
>
> . . . .
>
> **R. Property damage** means damage to or destruction of tangible property including resulting loss of use of that property.
>
> . . . .

Exhibit D, Form 58001 (1-15) at 3-5, 14, 16.

17. The Policy has additional terms, conditions and exclusions which may apply to the rights and obligations of the parties in connection with the Underlying Action and the full terms of the Policy are incorporated herein by reference.

### C. Dispute of the Parties

18. A real justiciable dispute exists between the parties as to the defense and coverage obligations, if any, of Auto-Owners under the Policies.

## IV. CAUSES OF ACTION

### COUNT I—Declaration of No Coverage Because No Occurrence or Accident Is Alleged

19. Auto-Owners hereby adopts and reasserts the allegations in the paragraphs above.

20. The TPP Policy provides liability coverage for "bodily injury" and "property damage," caused by an "occurrence." "Occurrence" is defined as an "accident." Similarly, the Auto Policy provides liability coverage for "bodily injury" and "property damage," caused by an "accident."

21. The Underlying Action does not allege an occurrence or accident. It does not allege any unintended or unforeseen events.

22. Therefore, Auto-Owners is not obligated to defend or indemnify Defendants.

## COUNT II—Declaration of No Coverage Because the
## Expected or Intended Injuries Exclusions Apply

23. Auto-Owners hereby adopts and reasserts the allegations in the paragraphs above.

24. Both Policies include an exclusion for "[b]odily injury or property damage expected or intended from the standpoint of the insured."

25. The Underlying Claim alleges intentional acts which fall under the purview of these exclusions.

26. Therefore, Auto-Owners is not obligated to defend or indemnify Defendants.

## COUNT III—Declaration of No Coverage Under The
## TPP Policy for False Imprisonment

27. Auto-Owners hereby adopts and reasserts the allegations in the paragraphs above.

28. Coverage B of the TPP Policy provides coverage for "personal injury" and "advertising injury." The TPP Policy provides "'[p]ersonal injury' means other than 'bodily injury' arising out of one or more of the following offenses . . . [f]alse arrest, detention or imprisonment . . . ."

29. "Advertising Injury" is not plead in the Underlying Claim.

30.     Coverage A of the CGL Policy provides coverage for "bodily injury," but contains an exclusion for "'[b]odily injury' arising out of 'personal injury' . . . ."

31.     The only plead damage is emotional distress, which constitutes bodily injury arising out of false imprisonment, which is not covered by the TPP Policy.

32.     Therefore, Auto-Owners is not obligated to defend or indemnify Defendants under the TPP Policy against the false imprisonment claim.

## V. **PRAYER FOR RELIEF**

WHEREFORE, Auto-Owners respectfully requests this Court declare and adjudge the Controversy as follows:

33.     Declare there is no coverage under the Policy for the claims asserted against Johnston Trucking, L.L.C in the Underlying Action;

34.     Declare there is no coverage under the Policy for the claims asserted against William Ray Session in the Underlying Action;

35.     Declare there is no coverage under the Policy for the claims asserted against Barbara Session, as the Administrator of the Estate of James Garrie Sessions, in the Underlying Action;

36.     Declare there is no coverage under the Policy for Underlying Plaintiff's damages, if any, arising from the matters asserted in the Underlying Action; and,

37. Grant any other relief that the Court deems just and equitable under the circumstances.

Dated: April 10, 2020. RESPECTFULLY SUBMITTED,

_____
Brian C. Richardson
(ASB-5241-H14U)
Murray S. Flint
(ASB-9164-A10Z)
*Attorneys for Auto-Owners Insurance Company*

**OF COUNSEL:**
**SWIFT, CURRIE, MCGHEE & HIERS, LLP**
2 North 20th Street, Suite 1405
Birmingham, AL 35203
T: (205) 314-2404
F: (205) 244-1373
brian.richardson@swiftcurrie.com
murray.flint@swiftcurrie.com

**PLAINTIFF REQUESTS DEFENDANTS BE SERVED WITH THE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

Johnston Trucking LLC
2910 Highway 231 S
Brundidge, Alabama 36010-2532

Barbara Sessions
61 County Road 2221
Troy, Alabama 36079

William Sessions
3037 County Road 2238
Troy, Alabama 36079

Richard Keith Thomas
404 S. Main Street
Tuskegee, Alabama 36083

4257999v.2